Connell *v.* Bliss.

———————◆———————

### PETER CONNELL *versus* HIRAM BLISS, JR.

Where the plaintiff, as payee, indorsed and delivered a negotiable promissory note to an attorney, who sued it in the name of a third person with his consent; and, after default, the attorney, claiming to own the note, transferred the demand with the accruing costs to the defendant, for a valuable consideration, who thereupon collected the same; and thereupon the plaintiff sued the defendant in assumpsit for money had and received; — *Held,* that the presiding Judge properly refused to instruct the jury, at the plaintiff's request, that the transfer to the defendant, if actually made, did not divest plaintiff's title to the note or judgment, if defendant knew the note was not passed from plaintiff until after it became due and dishonored.

In such trial, it was not erroneous for the presiding Judge to instruct the jury that, if the defendant purchased said note of the attorney fairly, and for an adequate consideration, without notice of defect in his title thereto, the plaintiff could not recover; that the fact that the note was overdue and dishonored, would not be such notice to the defendant as to enable the plaintiff to assert his title against him.

Neither was it erroneous for the presiding Judge to instruct the jury, that the plaintiff was not liable for the amount of the costs in the action upon the note transferred to the defendant.

ON EXCEPTIONS from *Nisi Prius*, DANFORTH, J., presiding.

ASSUMPSIT for money had and received.

The facts sufficiently appear in the opinion of the Court.

The verdict was for the defendant, and the plaintiff excepted to the rulings of the presiding Judge.

*Ruggles*, in support of the exceptions.

*Gould, contra.*

The opinion of the Court was drawn by

APPLETON, C. J.—The plaintiff having a note against one Hanly, indorsed and delivered the same to V. B. Oakes, an attorney, who commenced a suit thereon in the name of one Temple H. Emery, by his consent. After the action was defaulted, Oakes, claiming to be the owner of the note, transferred the demand with the accruing costs to the defendant for a valuable consideration, who thereupon took out execution and collected the same.

There was evidence tending to show that the plaintiff transferred and sold the note in question to Oakes, and likewise that it was left with the latter for the purposes of collection.

The plaintiff's counsel requested the Court to instruct the jury, "that the transfer to Bliss, if actually transferred to him, did not divest plaintiff's title to the note or judgment, if Bliss knew the note was not passed from plaintiff until long after the date of the note, or after it became due and by law dishonored."

This request was not relevant to the issue. This suit is not against the maker. If Oakes was the purchaser of the note, and had therefore the right to transfer the same, it is entirely immaterial whether the note was overdue or not when he purchased the same. He might as well purchase a note dishonored as one not dishonored, if he chose. And, accordingly, as he made the purchase, he might as well sell the one as the other.

This request was refused, and "the jury were instructed that, if Bliss, the defendant, purchased said note of Oakes fairly, and for an adequate consideration, without any notice of any defect in his title thereto, the plaintiff could not recover; that the fact that the note was overdue and dishonored, although it would be such notice as would let in any defence the promisor might have in an action against him, would not be such notice to defendant as to enable the plaintiff to assert his title against him."

The suit on the note was in the name of Temple H. Emery; had the present suit been brought in his name, he being the owner of the note, the instruction given might have been erroneous,—because the apparent title being in him, Oakes could not as against him, have transferred the demand unless he was the actual owner of the same. The plaintiff having indorsed the note, and the suit being in the name of his indorsee, the defendant might well presume that the plaintiff had parted with his ownership in the same, unless he had received notice to the contrary. The fact that the note was indorsed was nothing out of the usual course of business,—and *prima facie* it negatived the ownership of the plaintiff when the note was found in suit in the hands of his indorsee.

It has been already seen that the dishonor of the note had no tendency to affect the defendant with notice that the title was not in Oakes, when he sold and delivered the note thus indorsed and in suit in the name of the indorsee, or of some one who allowed it to be commenced and carried on for the benefit of the indorsee.

It is not perceived that the plaintiff had any interest in the costs. He was not liable for their payment. He had never paid them to Oakes. They were paid to the latter by the defendant,—so that the plaintiff has neither interest in nor liability for the same. *Exceptions overruled.*

DAVIS, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.